Hon. Robert C Morris City Attorney, Glens Falls
We acknowledge receipt of your letter inquiring whether a city by local law may impose residency requirements as a condition for employment by the city.
The New York Constitution, Article IX, section 2, subdivision c, clause ii, paragraph 1, provides that every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law relating to certain subjects, one of which is the qualfications of its employees. Similar authorization is contained in Municipal Home Rule Law section 10, subdivision 1, paragraph ii, subparagraph 1. We find in Civil Service Law section 23, subdivision 4-a that the State Civil Service Department or municipal civil service commission (or personnel officer) may require that candidates for examination or appointment to local positions be local residents or residents of the county or judicial district in which the locality is located or of any reasonable combination of political subdivisions both in and outside of New York State contiguous to such locality and authorizes an appointing authority of a locality to require that eligibles who are residents of such locality be certified first for appointment (but not for promotion). The subdivision is made subject to any general or special law pertaining to residence qualifications of local officers or employees.
We find no other State statute relating to residency of employees in general and the foregoing provision contained in the Civil Service Law is by its own terms subject to any general or special law containing a contrary provision so that portion of the Civil Service Law constitutes a special law as that expression is defined in Municipal Home Rule Law section 2, subdivisions 5 and 12.
In our opinion, a city by local law may require that future employees of the city be residents of the city, except as certain particular employees, such as paid firemen, are dealt with by general law applying alike to all cities.